UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JUAN RODRIGUEZ and JOSE MARTINEZ,

Defendants.

96-Cr-959 (SHS)

MEMORANDUM & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendants Juan Rodriguez and Jose Martinez move to vacate their convictions for possession and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Defs.' Mem., ECF No. 157.) The U.S. Court of Appeals for the Second Circuit previously granted defendants leave, in light of *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), to file successive motions pursuant to 28 U.S.C. § 2255. (ECF No. 139.) The government opposes defendants' motions. (Gov't Opp'n, ECF No. 158.) For the following reasons, the motions are denied.

I. BACKGROUND

In 1997, following a two-week jury trial, defendants were convicted of several counts arising out of their August 23, 1996 murders of Antonio Valencia and Freddy Sanchez. The evidence presented at trial showed that Rodriguez, the leader of a New Jersey based narcotics trafficking organization, and Martinez, a member of that organization, faced a cocaine debt totaling nearly $1 million. (*See* Trial Tr. 197-207, 212-217, 227, 248-253, 274-277, 768-773.) In order to erase their debt, defendants drove from New Jersey to Manhattan to murder Valencia and Sanchez, who were the organization's principal cocaine suppliers. (*Id.* 313-323, 439-446, 462-473.)

The evidence showed that, on arrival, Rodriguez shot Sanchez, while Martinez shot Valencia; after Valencia continued to move, Rodriguez fired an additional two shots into Valencia's head. (*Id.* 333-337, 490-496, 508-509, 600-601.) Rodriguez paid Martinez $1,000 for his role in the murders. (*Id.* 362-363.)

The jury found defendants guilty of all five counts charged in the indictment: (1) conspiracy to murder Valencia and Sanchez in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); (2) substantive murder of Valencia in aid of racketeering; and (3)

substantive murder of Sanchez in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1); (4) using and carrying firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and (5) knowingly receiving firearms while under indictment for a felony in violation of 18 U.S.C. § 922(n). (Trial Tr. 1217, 1223.)

As predicate section 924(c) crimes of violence, the jury was instructed on the conspiracy to murder in aid of racketeering charged in count one, as well the substantive murders charged in counts two and three. The jury returned a general verdict and did not specify on which predicate or predicates it relied. Pursuant to the then-mandatory United States Sentencing Guidelines, Judge Miriam Cedarbaum sentenced defendants to concurrent terms of life imprisonment, as well as a required consecutive five years' incarceration on the section 924(c) count. (ECF Nos. 46, 47.)

Defendants filed a direct appeal, and in 1999 the Second Circuit affirmed the district court in a summary order. *See United States v. Rodriguez*, 1999 WL 459762, at *4 (2d Cir. June 22, 1999). In the ensuing years, defendants filed numerous motions for *habeas corpus* relief under 28 U.S.C. § 2255. (*See* Gov't Opp'n Exs. 3-9.) These motions were uniformly dismissed as time-barred, duplicative of prior motions, and/or substantively meritless. (*Id.*) In 2009, pursuant to a Second Circuit mandate, Judge Cedarbaum held a three-day evidentiary hearing on an actual innocence claim brought by defendant Rodriguez in one of his successive motions. (*See* Hr'g Tr., *Rodriguez v. United States*, No. 02-Cv-8064, ECF Nos. 29, 31, 33.) Judge Cedarbaum concluded that she was "not persuaded of either the credibility or the plausibility of the testimony" Rodriguez presented and denied the motion. (*Id.* at 36, ECF No. 33.)

In 2020, the Second Circuit granted Rodriguez and Martinez leave to file another successive section 2255 motion, on the grounds that defendants had made a *prima facie* showing that their motions satisfy the requirements of 28 U.S.C. § 2255(h). Defendants now move to vacate their section 924(c) convictions as unconstitutional pursuant to *Johnson* and *Davis*. They allege that their convictions, which were predicated in part on conspiracy to commit murder in aid of racketeering, can no longer stand in light of the Supreme Court's invalidation of section 924(c)(3)(B)'s residual clause.

## II. DISCUSSION

"The principles announced in and since *Davis* and *Johnson* are well established and require little discussion." *United States v. Riley*, No. 20-Cv-2201 (RJD), 2021 WL 2186229, at *3 (E.D.N.Y. May 28, 2021). In short, after the Supreme Court invalidated section 924(c)'s residual clause as unconstitutionally vague, *see Davis*, 139 S. Ct. at 2336, "for purposes of section 924(c) a 'crime of violence' is now defined only as a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another,'" *United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021)

2

(quoting 18 U.S.C. § 924(c)(3)(A)). Under this subdivision of section 924(c), known as the "elements clause," courts in the Second Circuit have generally held that "a mere conspiracy to commit a crime of violence will . . . fail to qualify" as a predicate crime of violence. *United States v. Erbo*, No. 08-Cv-2881 (LAP), 2020 WL 6802946, at *3 (S.D.N.Y. Nov. 19, 2020); *see United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019). However, where a section 924(c) conviction is predicated in part on a now-invalid predicate, the conviction may nonetheless be upheld if the jury's verdict "undoubtedly rests on a valid predicate." *Sessa v. United States*, No. 20-Cv-1957, 2020 WL 3451657, at *5 (E.D.N.Y. June 24, 2020).

Defendants' 924(c) convictions were predicated on the conspiracy to murder and substantive murders of Antonio Valencia and Freddy Sanchez in aid of racketeering. The substantive murder charge, in turn, rested on second-degree murder under New York state law. *See* N.Y. Penal Law § 125.25. The government concedes that conspiracy to commit murder is no longer a crime of violence under the elements clause. (*See* Gov't Opp'n at 9.) However, this Court has held—joining the consensus view of courts in the Second Circuit—that substantive murder in aid of racketeering based on New York Penal Law § 125.25 remains a crime of violence under section 924(c)'s elements clause. *United States v. Gomez*, No. 97-Cr-696 (SHS), 2021 WL 3617206, at *6 (S.D.N.Y. Aug. 16, 2021); *see, e.g., United States v. Varona*, No. 95-Cr-1027 (PAC), 2021 WL 2873793, at *5 (S.D.N.Y. July 8, 2021); *Johnson v. United States*, No. 94-Cr-631 (PGG), 2021 WL 638289, at *4 (S.D.N.Y. Feb. 17, 2021); *Erbo*, 2020 WL 6802946, at *3; *Boykin v. United States*, No. 10-Cr-319 (CM), 2020 WL 774293, at *7 (S.D.N.Y. Feb. 18, 2020); *Lagos v. United States*, No. 10-Cr-392 (CS), 2019 WL 6702578, at *1 (S.D.N.Y. Feb. 28, 2019); *see also United States v. Sierra*, 782 F. App'x 16, 21 (2d Cir. 2019).

Moreover, the jury's verdict "undoubtedly rests" on this valid remaining predicate. Indeed, defendants were independently convicted of the substantive murder of each victim. The record makes plain that these murders were committed by firearm. Accordingly, there is no logical route by which the jury could have found that defendants used firearms only in relation to the murder conspiracy. *See Riley*, 2021 WL 2186229, at *5 (emphasis in original) ("Where the murder conspiracy and murder charges involve *the same murder*, the jury's finding of guilt on the murder count ought to end the analysis as it eliminates any reasonable possibility that the corresponding firearm conviction could have rested only on the conspiracy count.").

Rodriguez also raises numerous other claims unrelated to defendants' section 924(c) convictions. In particular, he argues: he was denied effective assistance of counsel; the Court abused its discretion in admitting certain evidence at trial; his conviction was against the weight of the evidence; his conviction was unlawful under the Federal Anti-Gratuity Statute; and a piece of "newly discovered evidence"—an affidavit from 2013—

3

proves his actual innocence. (Defs.' Mem. at 13-14.) Each of these claims has previously been considered and rejected, either by the Second Circuit on direct appeal, in the context of a prior section 2255 motion, or both. He also raises a new claim that the Court issued an erroneous jury instruction on the definition of "pattern of racketeering activity" with regard to firearms. (*Id.* at 14.) This claim was not raised on direct appeal, and it does not allege any newly discovered evidence nor any new rule of constitutional law. Accordingly, Rodriguez's claims have all been previously adjudicated or procedurally defaulted, and the Court may not consider their merits anew here.[1]

### III. CONCLUSION

For the foregoing reasons, defendants' motions to vacate their counts of convictions under 18 U.S.C. § 924(c) are denied. Defendant Rodriguez's additional motions are denied as well. Defense counsel's motion for leave to withdraw as counsel is dismissed as moot.

Dated: New York, New York
August 18, 2021

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[1] Defendants filed two additional documents during the pendency of this motion, which the Court construes as supplements to their present requests for section 2255 relief. (ECF Nos. 159, 161.) These filings essentially repeat these same, previously rejected arguments, and the Court does not consider them anew here. One filing, dated April 26, raises a potentially new claim that defendants' trial counsel failed to pursue DNA testing on certain evidence found at the crime scene. (ECF No. 161.) This claim, as well, was not raised on direct appeal, and it alleges no newly discovered evidence nor any new rule of constitutional law.